**CIVIL AERONAUTICS BOARD, Plaintiff,**

v.

**TOUR TRAVEL ENTERPRISES et al., Defendants.**

No. 76 C 4693.

United States District Court, N. D. Illinois, E. D.

Aug. 11, 1977.

---

U. S. Atty. Jeffrey R. Miller, C. A. B., Washington, D. C., for plaintiff.

Gerald Mann and Richard Tauber, Dannen, Crane, Heyman & Haas, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

The Civil Aeronautics Board filed this action as a response to a series of incidents beginning in the fall of 1976. Numerous charter tours were scheduled by the defendant tour operator and travel agents, and deposits were accepted from the potential travelers. Thereafter, the tours were cancelled, the tour operator and travel agents were adjudicated bankrupt, and the tour participants have not received their money back. Some of these deposits are held by the defendant First National Bank of Highland Park pursuant to C.A.B. regulations governing tour deposits.[1] The C.A.B. seeks to enjoin the defendants from violating the Federal Aviation Act of 1958, 49 U.S.C.

---

1. For a full description of the facts, parties, and regulations involved in this case, *see* the related case *Bratton v. Shiffrin*, 440 F.Supp. 1257 (N.D.Ill.1977).

§ 1485(e) (1970), and the Board's Special Charter Regulations.[2] The Board has also requested ancillary relief requiring the defendants to account for and refund all payments received from tour participants.

The defendants First National Bank and Joel Shiffrin, Vice President of the Bank, move to dismiss the complaint, claiming that the enforcement power of the C.A.B. does not extend to them, and that the court does not have jurisdiction over an indispensable party (the trustee in bankruptcy). Alternatively, these defendants move to strike Counts I, II and VIII for failure to state a claim upon which relief can be granted. We will deny the motions.

*Enforcement Authority of the Civil Aeronautics Board*

■ The Federal Aviation Act of 1958 vests the Civil Aeronautics Board with broad authority to enforce the Act and the regulations promulgated thereunder. Section 1487(a) of the Act provides:

If *any person* violates any provision of this chapter, or any rule, regulation, requirement, or order thereunder, . . . the Board . . . may apply to the district court of the United States, for any district wherein such person carries on his business or wherein the violation occurred, for the enforcement of such provision of this chapter, or of such rule, regulation, requirement, order, term, condition, or limitation; and such court shall have jurisdiction to enforce obedience thereto by a writ of injunction or other process, mandatory or otherwise, restraining such person, his officers, agents, employees, and representatives, from fur-

ther violation of such provision of this chapter or of such rule, regulation, requirement, order, term, condition, or limitation, and requiring their obedience thereto.

49 U.S.C. § 1487(a) (1970) (emphasis supplied). "Person" is defined by the Act as "any individual, firm, copartnership, corporation, company, association, joint-stock association, or body politic; and includes any trustee, receiver, assignee, or other similar representative thereof." 49 U.S.C. § 1301(29) (1970). Clearly the First National Bank and Joel Shiffrin are within this broad definition of "person."

■ The defendants argue that the C.A.B. has no authority over them because they are not direct or indirect air carriers as defined by the Act. *See* 49 U.S.C. § 1301(3) (1970). However, Section 1487(a) does not limit the Board's enforcement powers to air carriers. The clear language of that provision indicates that the Board is empowered to act whenever "any person" violates any provision of the Act or any regulation. Thus, if the defendants violated any of the C.A.B. regulations, the Board is authorized to prosecute an action against them under Section 1487(a), 49 U.S.C. § 1487(a) (1970).[3]

The Board has charged the defendants with violating Section 1485(e)[4] which states that it is the duty of any person subject to the Act to comply with C.A.B. regulations. The defendants Shiffrin and First National Bank allegedly violated Regulations 14 C.F.R. §§ 378.16, 378.18, 378a.31, 378a.32. These regulations provide that all tour deposits paid to tour operators and retail travel agents on charter flights must be deposited in a special escrow account, governed by

---

**2.** The regulations allegedly violated by the defendants include 14 C.F.R. §§ 378.16, 378.18, 378a.31, 378a.32, 378.13, 378a.28, 378.2, 378a.10, 378a.25, 378.7, 378a.33.

**3.** The parties have discussed at length the question of whether the Bank is an agent of the travel companies. A finding of an agency relationship is not a prerequisite to enforcing the statute and regulations at issue. The Bank is subject to C.A.B. authority directly under § 1487(a) if it violates any of the regulations which apply to it.

**4.** That provision reads:

It shall be the duty of every person subject to this chapter, and its agents and employees, to observe and comply with any order, rule, regulation, or certificate issued by the Administrator or the Board under this chapter affecting such person so long as the same shall remain in effect.

49 U.S.C. § 1485(e) (1970).

a depository agreement between the direct air carrier, the tour operator and the bank. Under the regulations, the bank is authorized to make disbursements from the escrow account only under limited circumstances. If a tour is cancelled, the bank is to make refunds directly to tour participants. Disbursements may be made only in accordance with the regulations. 14 C.F.R. §§ 378.18, 378a.32 (1977). ·

The First National Bank entered into a depository agreement with Tour Travel Enterprises, Inc. and American Airlines covering the tour deposits at issue.[5] In the agreement, the Bank stated that it desired "to act as the depository bank within the meaning of Part 378." It is clear the Bank contemplated acting as a depository bank subject to the special C.A.B. regulations governing charter tour deposits. It would be anomalous to find that the C.A.B. lacks the authority to enforce its regulations against the Bank under these circumstances. In the related cases brought by private plaintiffs, we found that the regulations at issue were valid enactments under the provisions of the Federal Aviation Act. *See Bratton v. Shiffrin*, 440 F.Supp. 1265 (N.D.Ill.1977). We now hold that the Civil Aeronautics Board has the authority to enforce these regulations against a depository bank such as the defendant First National, and its employee Joel ·Shiffrin. Section 1487(a) is a specific grant to the Board to seek injunctive relief. The additional relief sought in the nature of an accounting and refund of all deposits can be justified "as an equitable adjunct to an injunction decree." *C.A.B. v. Scottish-American Ass'n, Inc.*, 411 F.Supp. 883, 888 (E.D.N.Y.1976), citing *Porter v. Warner Holding Co.*, 328 U.S. 395, 399, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946).

*Motion to Strike for Failure to State a Claim*

Defendants Bank and Shiffrin argue that the C.A.B. has failed to state a claim against them. We disagree. The C.A.B. has shown that the regulations in question apply to the Bank and Shiffrin; and the allegations of the complaint are sufficient to allege violations of those regulations. Defendants make much of the fact the complaint does not define the relationship between the Bank and the two Sunshine Travel Agencies. Such allegations are unnecessary to the determination of whether the C.A.B. has stated a claim against the Bank and Shiffrin. The complaint includes allegations that the Bank and Shiffrin accepted deposits for accounts other than the special escrow account, paid money out of the account without the necessary certification and in excess of the amount allowed by the regulations. Taking these allegations as true, as we must on a motion to dismiss, we find the plaintiff has stated a claim against the Bank and Shiffrin based on the alleged violation of 49 U.S.C. § 1485(e) (1970) and Regulations 14 C.F.R. §§ 378.16, 378.18, 378a.31, 378a.32 (1977).

The defendants also dispute the use of "vague and conclusory" language in the complaint. We are satisfied that plaintiff has alleged sufficient facts to meet the liberal standards of notice pleading. Fed.R. Civ.P. 8. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

*The Trustee in Bankruptcy as an Indispensable Party*

The Bank and Shiffrin argue that a complete determination of this controversy cannot be had without joining the trustee in bankruptcy. It is our opinion that the ruling of the bankruptcy court on April 4, 1977,[6] dismissing the Bank's interpleader complaint for lack of summary jurisdiction is dispositive of this issue. The bankruptcy court's ruling indicates that the tour deposits held by the Bank are not part of the bankrupt travel companies' estates. We

---

5. See Exhibit B in plaintiff's complaint.

6. In the *Matter of Tour Travel Enterprises, Inc.*, 76 B 8014 (N.D.Ill. April 4, 1977).

agree. Thus, the Bank is not in danger of incurring multiple or inconsistent obligations as a result of this action if the trustee in bankruptcy is not a party.

Further, there is no reason to stay this action against the Bank and Shiffrin under Rules 401 and 601 of the Rules of Bankruptcy Procedure. The action against the Bank and Shiffrin is not an action against a bankrupt or any property of a bankrupt. Accordingly, there is no barrier to proceeding in this action against the Bank and Shiffrin without the trustee in bankruptcy for the travel companies.

*Conclusion*

For the foregoing reasons, we deny the motions of defendants First National Bank of Highland Park and Joel Shiffrin to dismiss the complaint, and hold that the C.A.B. has the authority to enforce its regulations against these defendants and has stated a claim against them. Further, the trustee in bankruptcy is not an indispensable party to this action, and the action should not be stayed under the Bankruptcy Rules.